IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BILL CRAMER, #1485820 | § | |
| VS. | § | CIVIL ACTION NO. 9:12cv13 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied. Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of Petitioner are without merit.

The sole ground for relief was whether defense counsel was ineffective for failing to call a medical expert to rebut the State's assertion that the medical evidence corroborated the allegation that Petitioner sodomized his daughter. During the state habeas corpus proceedings, counsel specified in an affidavit that the prospect of calling an expert was considered but rejected because he was able to get the State's expert witnesses to provide the same information that would have been provided by a defense expert. Counsel added that "in my judgment nothing would have been added by producing a defense expert who would have been required to testify the same as had the State's experts. Tactically, it was and is my opinion that the correct trial strategy was to advance defendant's position through cross-examination of the State's experts." "[S]trategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable."

1

*Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994); *Rivas v. Thaler*, 432 Fed. Appx. 395, 401 (5th Cir. 2011). Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *McAfee v. Thaler*, 630 F.3d 383, 394 (5th Cir.), *cert. denied*, 132 S.Ct. 754 (2011) (citations omitted). In his objections, Petitioner asserted that the Report and Recommendation left out many salient facts, but the dispositive factor with respect to ineffective assistance of counsel claim was counsel's decision that it was unnecessary to call an expert in light of the testimony provided by the State's experts. A defense expert would have provided nothing more than repetitious testimony. Petitioner focused on facts that had little or no relationship to the core factor regarding his ground for relief. He has not shown that counsel's decision was not the result of reasonable professional judgment. *Id.* The objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **June, 2012.**

_____
Ron Clark, United States District Judge